Citation Nr: 1641969 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 07-15 172 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for peripheral neuropathy of the bilateral lower extremities, to include as due to herbicide exposure. 


REPRESENTATION

Veteran represented by: Andrew L. Wener, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Andrew Hinton, Counsel

INTRODUCTION

The Veteran served on active duty from July 1959 to August 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in September 2006 by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas. 

This case was remanded in July 2010 in order to afford the Veteran his requested hearing before the Board. Thereafter, the Veteran testified at a hearing before the undersigned Veterans Law Judge sitting at the RO in December 2010. A transcript of that hearing is associated with the record. 

In May 2011 and May 2016, the Board again remanded this matter to the agency of original jurisdiction (AOJ) for additional development and it now returns for further appellate review. 

As noted in the May 2016 remand, in response to an April 2013 statement of the case, the Veteran filed a VA Form 9 in May 2013. He marked the option indicating that he wanted a Board hearing at his local RO office. However, it does not appear that he was intending to ask for a second Board hearing as he wrote in the narrative portion of this form a request for a copy of the December 2010 Board hearing transcript (which was later provided by the RO). To the extent this VA Form 9 may be interpreted as a motion for a new hearing, the Veteran did not offer good cause for why a second hearing was needed. As such, a motion for a second hearing, if intended by the Veteran, must be denied. See 38 C.F.R. §§ 20.703, 20.704(c), 20.717(a) (2015). 

The May 2016 remand also noted that the issue of entitlement to service connection for peripheral neuropathy of the bilateral upper extremities was remanded to the AOJ by the Board in May 2011. At present, the claims file includes a July 2010 rating decision denying this issue. A November 2014 deferred rating decision explains that the July 2010 rating decision was in a temporary folder at the time of the prior Board remand, which explains the Board's referral of the issue. It does not appear that the Veteran initiated an appeal of that issue after the July 2010 rating decision. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems, and has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Although the Board regrets the additional delay, another remand is necessary to ensure that due process is followed so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015). Additionally, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In the Board's May 2016 remand, the AOJ was directed to obtain outstanding VA treatment records as well as an addendum opinion addressing the etiology of the Veteran's peripheral neuropathy of the bilateral lower extremities. Thereafter, the AOJ was to readjudicate the claim based on the entirety of the evidence, and if such remained denied, the Veteran and his representative were to be issued a supplemental statement of the case. Thereafter, the identified VA treatment records were obtained and an addendum opinion was rendered in May 2016. Additionally, the Veteran was provided with a supplemental statement of the case that continued the denial of his claim in July 2016; however, his representative was not. In this regard, the July 2016 supplemental statement of the case was provided to the Disabled American Veterans, the Veteran's former representative. However, as of October 2015, he has been represented by Andrew L. Wener, an attorney. In fact, in an August 2016 statement, Mr. Wener indicated that he did not receive the July 2016 supplemental statement of the case and requested that he be provided a copy of such document. Therefore, as the AOJ did not substantially comply with the Board's remand directives by failing to provide a copy of the supplemental statement of the case to the Veteran's representative of record, a remand is necessary to do so.

Furthermore, after the issuance of the July 2016 supplemental statement of the case, additional evidence, to include VA treatment records dated through September 2016, was associated with the record. As such evidence addresses the Veteran's claimed peripheral neuropathy, the AOJ should reconsider his claim in light of the newly associated VA treatment records.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Provide a copy of the July 2016 supplemental statement of the case to the Veteran's current representative, Mr. Andrew L. Wener, an attorney.

2. Readjudicate the Veteran's claim with consideration of the evidence received subsequent to the July 2016 supplemental statement of the case. If the claim remains denied, the Veteran and his representative, Mr. Wener, should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

Thereafter, the case should be returned to the Board for further appellate consideration, if otherwise in order. The Board intimates no opinion as to the outcome of this case. The Veteran need take no action until so informed. The purpose of this REMAND is to ensure compliance with due process considerations.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).